JS 44
(Rev 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
FILED
JUL 2 8 2000
Michael N. Milby
Clerk of Court

## I (a) PLAINTIFFS

YOLANDA GARZA

## DEFENDANTS

RITZ CAMERA CENTERS, INC.
D/B/A BOATER'S WORLD

B-00-115

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **CAMERON**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **MARYLAND**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)

Mr. Thomas Sullivan
Brin & Brin, P.C.
1205 North Expressway 83
Brownsville, Texas 78520
(956) 544-7110

ATTORNEYS (IF KNOWN)

Valorie C. Glass
Rex N. Leach
ATLAS & HALL, L.L.P.
818 Pecan
McAllen, Texas 78502   (956) 682-5501

## II. BASIS OF JURISDICTION   (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY:   This court has removal jurisdiction pursuant to 28 U.S.C.
sections 1332 and 1441(b).

## V. NATURE OF SUIT   (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (1395ff) |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☒ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | ☐ 791 Empl Ret Inc Security Act | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 870 Taxes (U S Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

Additional OTHER STATUTES column:
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN   (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F R C P 23

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:**   ☒ YES   ☐ NO

## VIII. RELATED CASE(S)
IF ANY   (See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE 7-28-00

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
FILED

JUL 2 8 2000

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| YOLANDA GARZA | § | |
| | § | |
| VS. | § | CIVIL NO. B - 00 - 115 |
| | § | |
| RITZ CAMERA CENTERS, INC., | § | |
| D/B/A BOATER'S WORLD | § | |

## NOTICE OF REMOVAL

RITZ CAMERA CENTERS, INC., D/B/A BOATER'S WORLD ("RITZ"), Defendant in the State Court **Cause No. 2000-07-2758-C**, pursuant to 28 U.S.C. § 1441 et seq., files this Notice of Removal from the 197th Judicial District Court of Cameron County, Texas, where such cause is now pending, to the District Court of the United States for the Southern District of Texas, Brownsville Division, and respectfully shows unto the Court the following:

1.     This civil action is removed from the 197th Judicial District Court, Cameron County, Texas where this matter was previously pending under Cause No. 2000-07-2758-C in the matter styled "Yolanda Garza vs. Ritz Camera Centers, Inc., d/b/a Boater's World"

Timeliness

2.     RITZ CAMERA CENTERS, INC. D/B/A BOATER'S WORLD was served with citation and Plaintiff's Original Petition on July 10, 2000. This was the first notice that Defendant received of this lawsuit. This Notice of Removal is filed within thirty (30) days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

## Factual Background

3.     Plaintiff was an employee of RITZ until on or about April 16, 1999 when Plaintiff resigned.  Plaintiff alleges sexual harassment, intentional infliction of emotional distress, constructive discharge, negligence and breach of contract and seeks damages in an amount which exceed the minimum jurisdictional requirements.

## Parties

4.     Plaintiff is an individual residing in Cameron County, Texas.

5.     Defendant RITZ is incorporated under the laws of Delaware with its principal place of business within the state of Maryland.

6.     This Court has original jurisdiction over this action under the provisions of 28 U.S.C. §1332(a)(1).  This action may be removed to this Court pursuant to 28 U.S.C.§1441(b), because the Defendant RITZ is not a citizen of Texas, the state in which the action was brought.

## State Court Documents Attached

7.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3(k), Defendant files herein a true and correct copy of all process, pleadings, and orders served upon this Defendant in the state court action, the docket sheet, an index of matters being filed and a list of all counsel of record.

8.     The amount in controversy exceeds the $75,000 requirement pursuant to 28 U.S.C. §1332(a).

9.     Although Plaintiff fails to specify the amount of damages in her original petition, Plaintiff seeks relief for actual and consequential damages, attorneys fees and

Notice of Removal
Page 2

punitive damages exceeding the minimum jurisdictional requirements. Accordingly, Plaintiff's petition seeks relief in excess of the jurisdictional limitations of this Court as defined by 28 U.S.C. § 1332.

10.    Defendant prays that Cause No. 2000-07-2758-C, in the 197th Judicial District Court of Cameron County, Texas, be removed to this Court.

11.    Defendant prays that the State Court action proceed no further unless and until this case is remanded.

12.    A copy of the Notice of Removal will be promptly filed with the Clerk of the County Court.

Date:      July 28th, 2000

Respectfully Submitted,

By:_____
Valorie Glass
State Bar No. 00784135
Federal No. 15303
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501
Telefax No. (956) 686-6109

**ATTORNEYS IN CHARGE FOR DEFENDANT**

OF COUNSEL:

Rex N. Leach
State Bar No. 12086300
Federal No. 8244
ATLAS & HALL, L.L.P.
P.O. BOX 3725
818 PECAN
MCALLEN, TEXAS 78502-3725

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of July, 2000, a true and correct copy of the foregoing document has been mailed certified, return receipt requested, to all Counsel of record as follows:

Mr. Thomas Sullivan
Brin & Brin, P.C.
1205 North Expressway 83
Brownsville, Texas 78520


_____
Valorie C. Glass

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

YOLANDA GARZA

VS.

RITZ CAMERA CENTERS, INC.,
D/B/A BOATER'S WORLD

§
§
§
§
§
§
§

CIVIL NO. B-00-115

### INDEX OF MATTERS BEING FILED

1. Civil Cover Sheet

2. Notice of Removal

3. Index of Matters Being Filed

4. List of All Counsel of Record

5. Notice of Filing of Notice of Removal

6. Docket Sheet from State Court Suit

7. Return of citation.

8. Plaintiff's Original Petition

9. Defendant's Original Answer

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA GARZA | § | |
| | § | |
| VS. | § | CIVIL NO. _B-00-115_ |
| | § | |
| RITZ CAMERA CENTERS, INC., | § | |
| D/B/A BOATER'S WORLD | § | |

## LIST OF ALL COUNSEL OF RECORD

**ATTORNEYS FOR PLAINTIFF**

Mr. Thomas Sullivan
Brin & Brin, P.C.
1205 North Expressway 83
Brownsville, Texas 78520
(956) 544-7110
Telefax No. (956) 544-0607

**ATTORNEYS FOR DEFENDANT**

Valorie C. Glass
Rex N. Leach
ATLAS & HALL, L.L.P.
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501
Telefax No. (956) 686-6109

## CAUSE NO. 2000-07-2758-C

| | | |
|---|---|---|
| YOLANDA GARZA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RITZ CAMERA CENTERS, INC. | § | |
| D/B/A BOATER'S WORLD | § | 197TH JUDICIAL DISTRICT |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:  Ms. Aurora De la Garza
     District Clerk
     Cameron County Courthouse
     974 E. Harrison
     Brownsville, Texas 78520

You are hereby notified that on the _28th_ day of July, 2000, Defendant

RITZ CAMERA CENTERS, INC. D/B/A BOATER'S WORLD, filed a Notice of Removal

in the above-styled and numbered cause in the United States District Court for the

Southern District of Texas, McAllen Division.  Attached hereto is a copy of the Notice of

Removal, the original of which has been filed in the United States District Court for the

Southern District of Texas, Brownsville Division.

Respectfully Submitted,

**ATLAS & HALL, L.L.P.**
P. O. Drawer 3725
818 Pecan (78502)
McAllen, Texas 78502
(956) 682-5501
Telefax No. (956) 686-6109

By:_____
        Valorie C. Glass
        State Bar No. 00784135
        Rex N. Leach
        State Bar No. 12086300

ATTORNEYS FOR DEFENDANT

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___28th___ day of July, 2000, a true and correct copy of the foregoing document has been mailed certified, return receipt requested, to all Counsel of record as follows:

Mr. Thomas Sullivan
Brin & Brin, P.C.
1205 North Expressway 83
Brownsville, Texas 78520

_____
Valorie C. Glass

Notice of Filing of Notice of Removal
Page 2

# CIVIL DOCKET - JUDGE'S ENTRIES

RULE 26-TRCP

CASE NO. 2000-07-002758-C

| DATE OF FILING | | |
|---|---|---|
| MONTH | DAY | YEAR |
| 07 | 03 | 00 |

JURY FEE $ ___ PAID BY ___

JURY

| ATTORNEYS | KIND OF ACTION |
|---|---|
| 0020450 8<br>THOMAS SULLIVAN<br>1205 N. EXPRESSWAY 83<br>BROWNSVILLE, TEXAS    78520 0000 | (10)<br><br>DAMAGES |

...ES

GARZA

...NTERS, INC.

COURT'S DOCKET (Rule 26, TRCP)

A TRUE COPY I CERTIFY<br>AURORA DE LA GARZA, CLERK<br>DISTRICT COURT CAMERON COUNTY, TEXAS

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2000-07-002758-C

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: RITZ CAMERA CENTERS, INC.
C.T. CORPORATION SYSTEMS
350 NORTH ST. PAUL
DALLAS, TEXAS 75201

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on JULY 03, 2000 .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-07-002758-C.

The style of the case is:

YOLANDA GARZA
VS.
RITZ CAMERA CENTERS, INC.

Said petition was filed in said court by _____THOMAS SULLIVAN_____
(Attorney for _____PLAINTIFF_____ ), whose address is
1205 N. EXPRESSWAY 83 BROWNSVILLE, TEXAS    78520 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 5th day of JULY , A.D. 2000.

**Z 207 335 212**

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to
RITZ CAMERA CENTERS,INC.
Street & Number
350 N. ST. PAUL STREET
Post Office, State, & ZIP Code
DALLAS, TEXAS 75201

| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |

Postmark or Date
CITATION ISSUED 7/5/00
2000-07-2758-C

PS Form **3800** April 1995

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
RITZ CAMERA CENTERS, INC.
C.T. CORPORATION SYSTEMS
350 NORTH ST. PAUL STREET
DALLAS, TEXAS 75201

CT CORP SYSTEMS

2. Article Number (Copy from service label)
Z 207 335 212

PS Form 3811, July 1999            Domestic Return Receipt            102595-99-M-1789

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)     B. Date of Delivery
                                          7-10

C. Signature
X _____   ☐ Agent
                   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

---

Case 1:00-cv-00115   Document 1   Filed in TXSD on 07/28/2000   Page 13 of 25

Cause No _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-C_



| | |
|---|---|
| Yolanda Garza,<br>Plaintiff | § |
| | § |
| versus | § |
| | § |
| Ritz Camera Centers, Inc.,<br>d/b/a Boater's World,<br>Defendant | § |
| | § |
| | § |

In The District Court of Cameron County, Texas

Cameron County, Texas

_197th_ Judicial District

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, YOLANDA GARZA, PLAINTIFF, herein and complaining of

DEFENDANT, RITZ CAMERA CENTERS, INC. d/b/a BOATER'S WORLD respectfully

show the Court as follows:

### I
### THE PARTIES

1.1    PLAINTIFF, YOLANDA GARZA, is an individual who resides in Cameron County,

Texas. At all times relevant to this action until her constructive discharge, Plaintiff

was an employee of Defendant Ritz Camera Centers, Inc. d/b/a Boater's World.

Plaintiff was an employee as that term is understood in § 21.002(7) Texas Labor

Code, as amended.

1.2    Ritz Camera Centers, Inc. d/b/a Boater's World is a corporation organized under

the laws of the State of Texas. Its charter number is 60604-06. At all times relevant

to this lawsuit, Defendant Ritz Camera Centers, Inc. owned and operated by

Boater's World. A retail outlet in Brownsville, Cameron County, Texas. At all times

relevant to this cause of action, Defendant Ritz Camera Centers, Inc. d/b/a Boater's

PLAINTIFF'S ORIGINAL PETITION
PAGE 1

was an employee as that term is understood in § 21.002(7) Texas Labor Code, as amended. Defendant Ritz Camera Centers, Inc. d/b/a Boater's World may be served with service of citation by serving its registered agent CT. Corporate Systems at 350 North St. Paul, Dallas, Texas 75201 by certified mail, return receipt requested.

## II
## JURISDICTION AND VENUE

2.1    Plaintiff brings this action *inter alia* pursuant to § 5221K V.A.C.S. and Chapter 21.001 et. seq. Texas Labor Code. Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court.

2.2    Venue is proper in Cameron County, Texas because, Defendant is engaged in business in Cameron County. Further Cameron County is the county in which all or part of the cause of action occurred.

## III
## UNDERLYING FACTS

3.1    Defendant opened a retail store known as Boater's World during the late Winter/early Spring, 1999. The retail store sold equipment related to boating.

3.2    On March 1, 1999, Plaintiff was hired as a sales clerk and cashier by the local manager, Andy McMillan. Prior to this employment, Plaintiff had no retail experience. Nor did she have a background in boating. Plaintiff continued as an employee until she was constructively discharged on April 16, 1999.

3.3    The Defendant's store had six employees and one manager (McMillan). At all times relevant to this cause of action Andy McMillan acted in the course and scope of his

PLAINTIFF'S ORIGINAL PETITION
PAGE 2

employment with Defendant Ritz Camera Centers, Inc.

3.4  The six employees were made up of two women (including the Plaintiff) and four men. On of the male employees was Paul Keys. At all times relevant to this cause of action, Paul Keys was acting in the course and scope of his employment with Defendant Ritz Camera Centers, Inc.

3.5  Plaintiff and all other employees received information regarding the Defendant's company's policies including its policies regarding dress codes and sexual harassment. Each person was asked to sign a policy on sexual harassment which was faxed to the main office.

3.6  Photocopies of those portions of the Defendant's hand book which relate to dress codes and the policy on sexual harassment are attached here to and incorporated herein for all purposes.

3.7  During the months of March, 1999 Keys asked Plaintiff out. She refused.

3.8  March 24, 1999, Plaintiff noticed that Keys continuously looked at her breasts. She reported this conduct to the local manager, McMillan who laughed and told her to ignore it. He justified Keys' conduct as typical male conduct. McMillan took no action despite company policy to the contrary.

3.9  On April 2, 1999, Plaintiff was alone in a back room of the store. Keys entered, sat next to her, leaned into her and without warning fondled her breast. Plaintiff pulled away and said "no".

3.10  After having been rebuffed and ignored by McMillan, Plaintiff did not immediately report the incident to him.

CutePDF - www.fastia.com

3.11   A few days later, Keys addressed Plaintiff using a Spanish word "vieja" which means "old lady" but which in the contented used meant "bitch".

3.12   On April 9, pursuant to instructions in the company's hand book, Plaintiff reported these matters to Tracy McDonald, who promised action and suggested Plaintiff talk to McMillan or to the district manager Sanders.

3.13   Despite the clear statements of policy, McDonald's, Sanders' and McMillan's paltry efforts were ineffective and amounted to no remedial action at all.

3.14   Instead of remedying the situation, Defendant's agents accused Plaintiff of seeking to get Keys fired when in fact all she wanted was a different work schedule. Plaintiff's situation rapidly became intolerable.

3.15   On April 14, 1999 McMillan reported to Plaintiff they had done all they could. Since they had done nothing to resolve the problem, Plaintiff was convinced they had no intention of complying with their own company's policies.

3.16   When Defendant would not even accommodate Plaintiff on a different work schedule then Keys, Plaintiff resigned.

## IV
## FIRST CAUSE OF ACTION
## UNLAWFUL EMPLOYMENT PRACTICE
## SEXUAL HARASSMENT

4.1   Plaintiff would repeat Paragraphs I-IV as if set forth herein verbatim.

4.2   Plaintiff, Yolanda Garza, as a woman and an Hispanic Mexican-American is a member of a protected group.

4.3   Through out the tenure of her employment with Defendant, Ritz Camera Centers d/b/a Boaters' World, Plaintiff was subjected to ongoing and unwelcome sexual

PLAINTIFF'S ORIGINAL PETITION
PAGE 4

CltriPDF - www.fasiso.com

harassment.

4.4    This harassment was based on sex and came in the form of leering looks, requests for dates, name calling and the fondling of her breast by a fellow employee.

4.5    The sexual harassment affected the terms and conditions of her employment in that she was made to feel uncomfortable and violated.   When she complained and reported this conduct to the management of Defendant, Ritz Camera Centers d/b/a Boaters' World, she was subjected to false accusations by company managers and ignored by others despite their promises to remedy the situation.

4.6    Defendant, Ritz Camera Centers d/b/a Boaters' World, knew or should have known of the harassment and failed to take remedial action.   What minuscule action was taken was ineffective and counter-productive and amounted to no action at all.

## V
## SECOND CAUSE OF ACTION
## INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS

5.1    Plaintiff would repeat paragraphs I-IV as if set for herein verbatim.

5.2    Throughout the tenure of her employment with the Defendant, Ritz Camera Centers d/b/a Boaters' World, Plaintiff was subjected to leering looks, requests for dates, name calling and the fondling of her breast by a fellow employee.

5.3    These comments and actions were made and/or permitted to be made in callous disregard of whether they would be highly offensive, whether they exceeded all reasonable bounds of decency and whether they would inflict great emotional distress upon the Plaintiff, which, in fact, they did.

5.4    Plaintiff reported this conduct to the appropriate management for Defendant, Ritz

**PLAINTIFF'S ORIGINAL PETITION**
**PAGE 5**

Camera Centers d/b/a Boaters' World, who refused to deal effectively with it, thereby ratifying and affirming the hostile working environment which had been created and which Defendant Ritz Camera Centers d/b/a Boaters' World, allowed to continue. Defendant's refusal to deal with the conduct affirmed and ratified the intentional infliction of emotional distress on the Plaintiff. Defendant Ritz Camera Centers d/b/a Boaters' World is, therefore, liable under the law for this outrageous conduct.

**VI**
**THIRD CAUSE OF ACTION**
**CONSTRUCTIVE DISCHARGE**

6.1    Plaintiff would repeat Paragraphs I - V as if set forth herein verbatim.

6.2    The Defendant, Ritz Camera Centers d/b/a Boaters' World's conduct created a hostile work environment with working conditions so intolerable that Plaintiff felt reasonably compelled to resign.

**VII**
**FOURTH CAUSE OF ACTION**
**NEGLIGENCE**

7.1    Plaintiff would repeat Paragraphs I - VI as if set forth herein verbatim.

7.2    Defendant, Ritz Camera Centers d/b/a Boaters' World is further liable under the law to Plaintiff for its negligence which proximately caused Plaintiff's injuries in that it:

A. Failed to enforce the law of the State of Texas to secure for persons in this state, including this Plaintiff, freedom from discrimination in employment transactions and to protect their personal dignity.

B. Failed to create or enforce policies and rules against one employee maliciously

inflicting great emotional distress on another employee.

C. Failed to create or enforce policies and rules against sexual harassment in the workplace.

D. Failed to deal effectively with and end the infliction of emotional distress on the Plaintiff after the conduct was brought to its attention.

E. Failed to deal effectively with and end the sexual harassment against the plaintiff after the conduct was brought to its attention.

F. Failed to provide a healthy and supportive work environment which enhances the physical and emotional well-being of its employees.

G. Employing Mr. Keys whose conduct gave rise to these causes of action.

H. Retaining Mr. Keys after repeated complaints.

I. Failing to adequately and properly train Mr. Keys and Mr. McMillan.

J. Failing to adequately and properly supervise Mr. Keys and the other employees whose conduct gave rise to these causes of action.

K. Failing to follow its own written policies.

L. Failing to advise potential employees, such as Ms. Garza, that the company would not enforce its stated policies thereby inducing Ms. Garza to accept employment, lulling her into a false sense of security with a company which would ignore its stated policies.

7.3    Defendant, Ritz Camera Centers d/b/a Boaters' World's conduct is the proximate cause of the damages suffered by the plaintiff for which she now sues.

**PLAINTIFF'S ORIGINAL PETITION**
**PAGE 7**

# VIII
## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT AND
## CONSTRUCTIVE DISCHARGE

8.1     Plaintiff would repeat Paragraphs I - VII as if set forth herein verbatim.

8.2     Defendant Ritz Camera Centers d/b/a Boaters' World breached its contract of employment with Plaintiff by

A. Failing to secure for Plaintiff freedom from discrimination in her employment transaction and to protect her personal dignity.

B. Failing to establish effective policies designed to prevent sexual harassment.

C. Failing to provide a working environment in which complaints are speedily, amicably and equitably resolved.

D. Failing to effectively demand that its employees observe among themselves the same high standards of integrity and ethical responsibility the company purports to attempt to instill.

8.3     Defendant, Ritz Camera Centers d/b/a Boaters' World's conduct is the legal cause of Plaintiff's injuries.

8.4     All conditions precedent to the contract formation have occurred or have been fulfilled.

# IX
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.1     Attached hereto and incorporated herein for all purposes and marked Exhibit "A" is the Plaintiff's "Right to Sue" letter issued by the Texas Commission on Human Rights.

PLAINTIFF'S ORIGINAL PETITION
PAGE 8

# X
# DAMAGES

10.1   Plaintiff would repeat Paragraphs I-IX as if set forth herein verbatim.

10.2   As a legal result of Defendant, Ritz Camera Centers d/b/a Boaters' World's acts and

omissions described herein, and the Plaintiff's constructive discharge, Plaintiff

YOLANDA GARZA has suffered past, present and will suffer future emotional

distress, physical pain and lost wages and other benefits of employments. She has

and will continue to suffer the loss of enjoyment of life.

# XI
# ATTORNEYS FEES AND COSTS

11.1   Plaintiff has been forced to hire the undersigned attorneys to prosecute this claim.

Pursuant to Section 21.259 TX. Labor Code, as amended, Plaintiff assets her right

to seek re-imbursement from this Defendant for reasonable and necessary

attorneys fees as part of the costs.

# XII
# PRAYER FOR RELIEF

12.1   Plaintiff prays that the Defendant be cited to appear and that upon final hearing,

have judgment against the Defendant for:

A. Actual and punitive damages as alleged in this petition in an amount in excess

of the minimum jurisdictional limits of this Court.

B. Compensatory damages.

C. Consequential damages.

D. Attorneys fees and costs.

E. Pre-judgment and post-judgment interest as provided by law.

**PLAINTIFF'S ORIGINAL PETITION**
**PAGE 9**

CVisPDF - www.fasisa.com

F. Other relief in law or in equity to which this Court deems her entitled.

## PLAINTIFF DEMANDS A JURY TRIAL

Respectfully submitted,

Brin and Brin P.C.
1205 North Expressway 83
Brownsville, Texas 78520
Telephone: (956) 555-7110
Telefax    : (956) 544-0607


By: _____
         Thomas Sullivan
         State Bar No. 19491800

EEOC Form 161-B (10/96)

## U.S. FEDERAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: YOLANDA GARZA
2399 SAN LORENZO ST
BROWNSVILLE TEXAS 78521

From: U.S. Equal Employment Opportunity Commission
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555

[  ]  *On behalf of person(s) aggrieved whose identity is*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 31C 99 1121 | GUILLERMO ZAMORA, Enforcement Supervisor | (210) 281-7603 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[  ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]  The EEOC is terminating its processing of this charge.

[  ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[  ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

FOR _____
Pedro Esquivel, Director

4.12.00

Enclosure(s)

cc:  RITZ CAMERA CENTERS INC dba BOATER'S WORLD

RECEIVED
APR 2 0 2000

Case 1:00-cv-00115   Document 1   Filed in TXSD on 07/28/2000   Page 24 of 25

FILED 10:45 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUL 2 5 2000

DISTRICT COURT OF CAMERON CO. TEXAS
By ___ Deputy

## CAUSE NO. 2000-07-2758-C

| | | |
|---|---|---|
| YOLANDA GARZA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RITZ CAMERA CENTERS, INC. | § | |
| D/B/A BOATER'S WORLD | § | 197TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME, RITZ CAMERA CENTERS, INC. D/B/A BOATER'S WORLD, Defendant in the above-entitled and numbered cause, and file this Original Answer in reply to the Plaintiff's Original Petition, and for such answer would respectfully show unto the Court the following:

I.

### GENERAL DENIAL

Reserving the right to file other and further pleadings, exceptions and denials, Defendant denies each and every material allegation contained in Plaintiff's Original Petition and demands that Plaintiff be required to prove the same by preponderance of the evidence in accordance with the laws and Rules of Civil Procedure of the State of Texas.

WHEREFORE, Defendant RITZ CAMERA CENTERS, INC., D/B/A BOATER'S WORLD prays that Plaintiff take nothing against Defendant, that Defendant goes hence with costs, without day, and for such other and further relief, at law or in equity to which it may be entitled.

Respectfully Submitted,

**ATLAS & HALL, L.L.P.**
P. O. Drawer 3725
818 Pecan (78502)
McAllen, Texas 78502
(956) 682-5501
Telefax No. (956) 686-6109

By:_____
    Valone C. Glass
    State Bar No. 00784135
    Rex N. Leach
    State Bar No. 12086300

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _25th_ day of July, 2000, a true and correct copy of the foregoing document has been mailed certified, return receipt requested, to all Counsel of record as follows:

Mr. Thomas Sullivan
Brin & Brin, P.C.
1205 North Expressway 83
Brownsville, Texas 78520

_____
    Valone C. Glass

DEFENDANT'S ORIGINAL ANSWER
PAGE -2-