

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 28 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| YOLANDA GARZA | § | |
| | § | |
| VS. | § | CIVIL NO. B-00-115 |
| | § | |
| RITZ CAMERA CENTERS, INC., | § | |
| D/B/A BOATER'S WORLD | § | |

**JOINT REPORT OF THE MEETING & JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Discussions occurred on September 25, 2000 by telephonically and fax; Thomas Sullivan attended through representative Lisa Cesario on behalf of Plaintiff; Valorie Glass attended on behalf of Ritz Camera Centers, Inc., d/b/a Boater's World.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiff was an employee of Boater's World until on or about April 16, 1999 when Plaintiff resigned. Plaintiff alleges sexual harassment, intentional infliction of emotional distress, constructive discharge, negligence and breach of contract and seeks damages in an amount which exceed the minimum jurisdictional requirements.

4. Specify the allegation of federal jurisdiction.

   28 U.S.C. § 1332 and 1441(b).

5.  Name the parties who disagree and the reasons.

    Plaintiff does not agree. Plaintiff filed a Motion to Remand based on lack of diversity. See Motion to Remand for details. Plaintiff also asserts that there is an insufficient amount in controversy and that asserted damages will not exceed the jurisdictional amount of $75,000.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None known.

7.  List anticipated interventions.

    Plaintiff:    None known.

    Defendant:   None known.

8.  Describe class-action issues.

    Plaintiff:    None known.

    Defendant:   None known.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    In compliance with Rule 26(a)(1) - Federal Rules of Civil Procedure, the parties will make the required disclosures on or before October 5, 2000.

Garza v Boater's
Joint Report of the Meeting & Joint Discovery/Case Management
Plan Under Rule 26(f) Federal Rules of Civil Procedure
Page 2

10. Describe the proposed agreed discovery plan, including:

    a. Responses to all the matters raised in Rule 26(f).

| | |
|---|---|
| Rule 26(f)(1) - | See response to No. 8. |
| Rule 26(f)(2) - | Plaintiff will conduct discovery based upon claims made and defenses asserted in this lawsuit. Plaintiff anticipates discovery shall be completed within 120 days after the pre-trial scheduling conference of November 20, 2000. |
| | Defendant will conduct discovery based upon claims made and defenses asserted in this lawsuit. Defendant anticipates discovery shall be completed within 120 days after the pre-trial scheduling conference of November 20, 2000. |
| Rule 26(f)(3) - | No changes at this time, subject to arrangements of the parties. |
| Rule 26(f)(4) - | None known at this time. |

    b. When and to whom the plaintiff anticipates it may send interrogatories.

    Plaintiff: On or before October 15, 2000.

    c. When and to whom the defendant anticipates it may send interrogatories.

    Defendant propounded interrogatories and request for production on September 6, 2000.

    d. Of whom and by when the plaintiff anticipates taking oral depositions.

    Plaintiff anticipates taking the deposition of Defendants and agents, and those persons identified by Defendants as having knowledge of relevant facts on or before December 1, 2000.

Garza v Boater's
Joint Report of the Meeting & Joint Discovery/Case Management
Plan Under Rule 26(f) Federal Rules of Civil Procedure
Page 3

e.     Of whom and by when the defendant anticipates taking oral depositions.

> Defendant anticipates taking the deposition of the Plaintiff and those persons identified by Plaintiff as having relevant knowledge of material facts on or before December 1, 2000.

f.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

> Plaintiff:     On or before February 15, 2000.
>
> Defendant:     On or before 15 days after date of Plaintiff's designation, February 28, 2000.

g.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

> Plaintiff anticipates taking the depositions of Defendant's expert witnesses, if any, prior to the date set forth in No. 13.

h.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

> Defendant anticipates taking the depositions of Plaintiff's expert witnesses, if Plaintiff designates any, prior to the date set forth in No. 13.

11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

> N/A.

Garza v Boater's
Joint Report of the Meeting & Joint Discovery/Case Management
Plan Under Rule 26(f) Federal Rules of Civil Procedure
Page 4

12.  Specify the discovery beyond initial disclosures that has been undertaken to date.

   Plaintiff:   None.

   Defendant has propounded interrogatories and request for production.

13.  State the date the planned discovery can reasonably be completed.

   April 15, 2001.

14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   After reasonable discovery, Plaintiff and Defendant agree to consider settlement of this matter.

15.  Describe what each party has done or agreed to do to bring about a prompt resolution.

   Plaintiff:   After reasonable discover, Plaintiff agrees to provide Defendant with a settlement demand.

   Defendant:   After reasonable discovery, Defendant agrees to consider settlement of this matter.

16.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

   Plaintiff states:   Mediation may be suitable

   Defendant states:   Mediation may be suitable.

Garza v Boater's
Joint Report of the Meeting & Joint Discovery/Case Management
Plan Under Rule 26(f) Federal Rules of Civil Procedure
Page 5

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Plaintiff:    Plaintiff does not consent to a trial before a magistrate judge.

    Defendant:    Defendant does not consent to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    Plaintiff:    Yes, made in Plaintiff's Original Petition.

    Defendant:    None made.

19. Specify the number of hours it will take to present the evidence in this case.

    Plaintiff will need __8-10__ hours to present its own case.

    Defendant will need __8-10__ hours to present its case. Given the absence of discovery, it is impossible for Defendant to specify the number of hours it will take to cross-examine Plaintiff's witnesses.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Plaintiff:    Plaintiff's Motion to Remand.

    Defendant:    None pending.

21. List other motions pending.

    Plaintiff:    None.

    Defendant:    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None known.

Garza v Boater's
Joint Report of the Meeting & Joint Discovery/Case Management
Plan Under Rule 26(f) Federal Rules of Civil Procedure
Page 6

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

   Plaintiff: Plaintiff filed a Certificate of Financially Interested Persons on August 18, 2000.

   Defendant: Defendant filed a Certificate of Financially Interested Persons on August 14, 2000.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

   Plaintiff:  Mr. Thomas Sullivan
   Federal I.D. No. 1227
   State Bar No. 19491800
   Brin & Brin, P.C.
   1205 North Expressway 83
   Brownsville, Texas 78520
   Telephone: (956) 544-7110
   Telecopier: (956) 544-0607

   Defendant:  Valorie Glass
   Federal I.D. No. 15303
   State Bar No. 00784135
   ATLAS & HALL, L.L.P.
   P. O. Box 3725
   McAllen, Texas 78502
   Telephone: (956) 682-5501
   Telecopier:(956) 686-6109

   OF COUNSEL:

   Rex N. Leach
   State Bar No. 12086300
   Federal No. 8244
   ATLAS & HALL, L.L.P.
   P.O. BOX 3725
   818 PECAN
   MCALLEN, TEXAS 78502-3725

Garza v Boater's
Joint Report of the Meeting & Joint Discovery/Case Management
Plan Under Rule 26(f) Federal Rules of Civil Procedure
Page 7

Respectfully submitted,

By: _____
Mr. Thomas Sullivan
Federal I.D. No. 1227
State Bar No. 19491800
Brin & Brin, P.C.
1205 North Expressway 83
Brownsville, Texas 78520
Telephone: (956) 544-7110
Telecopier: (956) 544-0607

ATTORNEY IN CHARGE FOR PLAINTIFF

By: _____
Valorie Glass
Federal I.D. No. 15303
State Bar No. 00784135
ATLAS & HALL, L.L.P.
P. O. Box 3725
McAllen, Texas 78502
Telephone: (956) 682-5501
Telecopier: (956) 686-6109

ATTORNEY IN CHARGE FOR DEFENDANT

Garza v Boater's
Joint Report of the Meeting & Joint Discovery/Case Management
Plan Under Rule 26(f) Federal Rules of Civil Procedure
Page 8

Respectfully submitted,

By: _____
Mr. Thomas Sullivan
Federal I.D. No. 1227
State Bar No. 19491800
Brin & Brin, P.C.
1205 North Expressway 83
Brownsville, Texas 78520
Telephone: (956) 544-7110
Telecopier: (956) 544-0607

**ATTORNEY IN CHARGE FOR PLAINTIFF**

By: _____
Valorie Glass
Federal I.D. No. 15303
State Bar No. 00784135
ATLAS & HALL, L.L.P.
P. O. Box 3725
McAllen, Texas 78502
Telephone: (956) 682-5501
Telecopier:(956) 686-6109

**ATTORNEY IN CHARGE FOR DEFENDANT**

Garza v Boater's
Joint Report of the Meeting & Joint Discovery/Case Management
Plan Under Rule 26(f) Federal Rules of Civil Procedure
Page 8

TOTAL P.09