United States District Court
Southern District of Texas
ENTERED

NOV 1 3 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA GARZA | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. B-00-115 |
| RITZ CAMERA CENTER, INC. d/b/a BOATER'S WORLD | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on November 9, 2000, the Court considered Plaintiff's Motion to Remand [Dkt. No. 3] and Defendant's Response to Plaintiff's Motion to Remand [Dkt. No. 5].

I.  Background

Plaintiff filed her Original Petition in the 197th Judicial District Court in Cameron County, Texas. (Notice of Removal [Dkt. No. 1]). Thereafter, Defendant filed its removal notice, alleging that diversity exists between the Parties. Id. Plaintiff is a citizen of Texas. (Plaintiff's Original Petition, attached to Notice of Removal). Defendant is a corporation that is incorporated under the laws of Delaware and maintains its principal place of business in Maryland. [Dkt. No. 1]. Plaintiff argues that the Parties are not diverse because Defendant is doing business in the State of Texas.

II.  Law on Citizenship of Corporations

A corporation is a citizen of its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Qualification to do business in a state is not the equivalent of incorporation. See Citicorp Industrial Credit, Inc. v. Drake Towing Co.,

1

626, F.Supp. 990 (S.D. Miss. 1986). If a defendant corporation is neither incorporated in the forum state nor has its principal place of business in the forum state, then the fact that it has registered to do business in the forum state, has complied with the laws of the forum state, has appointed an agent for service of process in the forum state, and does business in the forum state does not change its citizenship or destroys complete diversity. Grady v. Stoever, 968 F.Supp. 334, 335 (S.D.Tex. 1997). The mere fact that a corporation does business within the State of Texas does not render it a "citizen." TV-3 v. Royal Insurance Co. of America, 28 F.Supp.2d 407, 417 (E.D.Tex. 1998).

Upon removal, defendants have the burden of proof to show that diversity exists because they invoked federal jurisdiction. See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996).

III.   Defendant is Not a Citizen of Texas

The Court finds that Defendant has carried its burden in proving that it is diverse from Plaintiff. Defendant is neither incorporated in Texas nor maintains its principal place of business in Texas. The fact that Defendant has been authorized to transact business in Texas does not render it a citizen of Texas. There is no basis whatsoever for finding that it is a citizen of the State of Texas; therefore, complete diversity exists between the Parties.

Therefore, the Court **DENIES** Plaintiff's Motion to Remand [Dkt. No. 3].

DONE at Brownsville, Texas, this 9th day of November 2000.

Hilda G. Tagle
United States District Judge